UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHY PARKER, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:06-cv-1621-SEB-JMS |
| ) | | |
| MICHAEL LUCAS et al, ) | | |
| Defendant. ) | | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PROPOSED**

**MEMORANDUM OF DECISION REGARDING DEFENDANTS' MOTION TO**

**DISMISS PURSUANT TO FED. R. CIV. P. 37(b)(2)(C) AND 41(b)**

This matter comes before the magistrate judge on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b). Plaintiff did not file a response to the motion. Being duly advised, the magistrate judge recommends the motion be denied for the reasons and to the extent set forth below.

**Background**

Plaintiffs' complaint was removed from State Court to this Court on November 8, 2006. A case management plan was agreed upon by the parties and approved by the Court on December 18, 2006. On February 27, 2007, Defendants served their interrogatories and request for production to Plaintiff, with responses due, pursuant to Fed. R. Civ. P. 33 and 34, by April 2, 2007. According to the case management plan, Plaintiff's initial disclosures were due March 8, 2007, and her preliminary witness and exhibit lists were due on April 8, 2007. All deadlines passed without responses or filings by Plaintiff.

On August 10, 2007, the parties filed a joint motion to vacate the settlement conference

that was scheduled and to enlarge case management deadlines because Plaintiff's counsel had been ill.  The parties spoke with the magistrate judge by telephone on August 16, 2007, at which time the magistrate judge ordered Plaintiff to have all outstanding deadlines caught up by August 20, 2007.   A subsequent status conference was scheduled for September 5, 2007.

At the September 5th conference, Plaintiff's counsel represented that he had mailed the preliminary witness list and initial disclosures to Defendants on August 31st.  Counsel further represented that he may have another attorney take over this matter due to his illness.  The magistrate judge ordered Plaintiff's responses to Defendants discovery requests to be provided by September 17, 2007; Plaintiffs' deposition to be completed by October 17, 2007; liability discovery to be completed by November 7, 2007; and dispositive motions to be filed by December 7, 2007.  An additional telephone status conference was scheduled for October 23rd.

On October 17, 2007, Defendants filed this motion to dismiss.  As of the filing of the instant motion, neither Plaintiff's initial disclosures nor her responses to Defendants' discovery had been served.  No other counsel has filed an appearance on Plaintiff's behalf.

On October 23rd,  the date of the previously scheduled telephone status conference. Plaintiff's counsel did not call in, nor could he be located.  Three days later, Plaintiff filed a Motion for Pretrial Conference, wherein counsel explained that he had been in California to assist his parents, whose home was in the path of the recent fires. Counsel further stated he did not have the October 23rd conference on his calendar.  No explanation was given for non-compliacne with the earlier deadlines.  On this same date, Plaintiff filed Notice of Service of Initial Disclosures.  The magistrate judge denied the motion for a pretrial conference pending resolution of this motion.

On November 6, 2007, Plaintiff filed a Notice of Outstanding Discovery Delivery, which indicated that all outstanding discovery was delivered to Defendants by email and U.S. mail.

Defendants' have not filed a response indicating they have not received said discovery, so the Court presumes they have.   Again, at no time did Plaintiff file a response to the instant motion.

**Motion to Dismiss**

Defendants' motion asserts two grounds for the dismissal of Plaintiff's claims.  They argue Plaintiff's claims should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and for failure to obey an order to provide discovery pursuant to F.R.C.P. 37(b)(2)(C).  In support, Defendants cite Plaintiff's failure to respond to discovery or comply with the deadlines set forth in the Court's case management plan, despite several extensions of those deadlines and accommodations made by the Defendants and the Court.

Subsequent to the filing of Defendants' motion, Plaintiff has, finally, served initial disclosures and all outstanding discovery, and filed notices of such with the Court.  However, Plaintiff failed to file a response to this motion.  Despite this motion to dismiss, counsel has persisted in neglecting this case to the point that he failed to challenge the motion. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005), citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993)(internal quotations omitted).

The magistrate judge has been sympathetic to Plaintiff's counsel's medical issues. Indeed, Plaintiff was granted multiple extensions of time to comply with all outstanding deadlines, the last of which was granted at the status conference on September 5th.  At that time, Plaintiff's counsel indicated he may need to have another attorney take over this matter due to

his illness. However, neither Defendants' counsel nor the Court heard from Plaintiff's counsel until he responded to attempts to contact him for the October 23rd conference. His subsequently filed motion indicated the reason for missing the conference was due to an emergency situation involving his parents in California. No explanation was given for his failure to comply with the Court's order of September 5th that required Plaintiff's discovery responses to be due on September 17th. He did not assert that his illness had prevented him from doing so, nor did he respond to Defendants' motion to dismiss with that assertion. The Court can only presume that his medical issues had resolved. Aside from the one week in which Plaintiff's counsel traveled to California for an emergency, the Court has no further explanation for his failure to comply with the September 5th order.

That said, dismissal is an extreme sanction, and only appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir. 1998). The Seventh Circuit has made clear that "the judge should not dismiss a case on this ground without due warning to the plaintiff's counsel. Due warning need not be repeated warnings and need not be formalized in a rule to show cause. A judge is not obliged to treat lawyers like children. But there should be an explicit warning in every case." *Ball v. City of Chicago,* 2 F.3d 752, 755 (7th Cir. 1993). While most often cited in the context of a Rule 41(b) dismissal, this requirement has also been applied to Rule 37(b)(2)(C) dismissals, see, e.g.*, Spain v. Board of Educ.,* 214 F.3d 925 (7th Cir. 1999), and would certainly be relevant to the willfulness, bad faith or fault, finding that is required for Rule 37 violations. *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003).

A review of the Court's orders issued since August addressing discovery matters reveals that no explicit warning of sanctions up to and including dismissal have been issued. Though

probably proper, the magistrate judge is unable to recommend the harshest sanction of dismissal. However, pursuant to Rule 37(b), the Court may impose other sanctions, including attorney's fees, caused by the Plaintiff's failure to obey the Court's discovery order. ("In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure. . .")

**Conclusion**

Therefore, the magistrate judge recommends that the Defendants' Motion to Dismiss be **DENIED**. However, she further recommends that Plaintiff's counsel be ordered to pay the reasonable expenses incurred by Defendants as a result of his failure to comply with the Court ordered deadlines for discovery. Further, the magistrate judge recommends that Plaintiff be foreclosed from pursuing discovery as that deadline passed without any effort by Plaintiff. Several of the deadlines in the September 5th order have passed during the pendency of this motion, or are rapidly approaching, without Defendants having the benefit of Plaintiff's discovery responses. The magistrate judge recommends the following case management deadlines be extended:

1. Plaintiffs' deposition to be scheduled and completed by January 7, 2008;
2. Liability discovery (by defendant only) to be completed by January 7, 2008; and
3. Dispositive motions to be filed by February 7, 2008.

Counsel for Plaintiff should also be warned that any further noncompliance with the orders of this Court will result in the dismissal of this case for want of prosecution. The magistrate judge recommends that counsel for Plaintiff be required to notify his client that any future failures will result in dismissal of this case, and verify to the Court that he has done so.

**SO ORDERED.**

11/20/2007

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Lindsay T. Boyd
ltboyd@lboyd.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com