UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KATHY PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:06-cv-1621-SEB-JMS |
| vs. | ) | |
| | ) | |
| MICHAEL LUCAS et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

The Court has reviewed Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 41(b) (Docket No. 38). It takes notice that Plaintiff has filed no response thereto and that the time for Plaintiff's response, pursuant to Local Rule 7.1, has expired. The Court has also reviewed:

- the Magistrate Judge's Report and Recommendation (Docket No. 51);

- Defendants' Notice of Nonreceipt of Plaintiff's Initial Disclosures, Witness and Exhibit Lists (Docket No. 52);

- the Magistrate Judges's Entry Regarding Defendants' Notice of Nonreceipt of Plaintiff's Initial Disclosures, Witness and Exhibit Lists (Docket No. 53);

- Defendants' Notice of Plaintiff's Noncompliance with the Court's Entry for November 21, 2007 (Docket No. 55);

- Plaintiff's Explanation Regarding Noncompliance (Docket No. 56);

- the Magistrate Judge's supplement to her Report and Recommendation (Docket No. 57); and

- Plaintiff's Objection to the Magistrate Judge's Report and Recommendation and supplement thereto (Docket No. 58).

The Magistrate Judge's Report and Recommendation (Docket No. 51) and supplement thereto (Docket No. 57) accurately set forth Plaintiff's repeated failures to comply with case management dates and deadlines and other orders of this Court – which failures continued even after Plaintiff was <u>twice</u> warned that any further failures would result in a dismissal of this action. (Docket Nos. 51 and 53).  Plaintiff suggests that these failures are those of her counsel, and she asks the Court for an opportunity to hire replacement counsel before dismissing this action. (Docket No. 56).  To the extent that Plaintiff is asserting the failures of her lawyer should not be assessed against her to deprive her of her day in court, such argument has been rejected by the United States Supreme Court.  <u>Kagan v. Caterpillar Tractor Co.</u>, 795 F.2d 601, 608  (7th Cir. 1986) (citing <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1962)).  Indeed, in <u>Link</u>, the United States Supreme Court stated:

> There is certainly no merit to the contention that dismissal of petitioner's claims because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in this action, yet he cannot now avoid the consequences of the acts or omissions of this freely-selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

<u>Id.</u> at 608 - 609 (citing <u>Link</u>, 370 U.S. at 633 - 643, 82 S. Ct.  at 1390 (internal citations omitted)).

As the Magistrate Judge correctly states: "Explicit direction as to the time and method of curing past deficiencies, the threat of less drastic sanctions as well as the threat of dismissal, have proven unavailing."  (Docket No. 57).  The trip by Plaintiff's counsel to California on the dates of October 23 through October 28, 2007, does not excuse Plaintiff's failure to comply with the November 27, 2007, "last chance" deadline established by the Magistrate Judge.  That deadline was

an entire month after counsel's return from California. If the November 27, 2007, deadline was unrealistic given the intervening Thanksgiving holiday, as Plaintiff now suggests, then Plaintiff, or more precisely, Plaintiff's counsel, knowing the "short leash" that he already was on, should have contacted defense counsel and moved the Court for an extension of that deadline, but he did neither.

The Court hereby adopts and approves the recommendation of the Magistrate Judge as set forth in her supplement (Docket No. 57) as the ruling of this Court. Accordingly, Defendant's Motion to Dismiss (Docket No. 38) is **GRANTED**. A separate judgment entry will issue.

IT IS ORDERED.

Date: 12/04/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lindsay T. Boyd
ltboyd@lboyd.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.kaiser@odnss.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com